UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLIE A. FATTORUSSO; GERALD N.
HARRINGTON,

                Plaintiffs,

-vs-                                          Case No. 2:10-cv-201-FtM-36SPC

THE M/V WANDERER II, (official number
1052543), its engines, tackle, apparel, etc., in rem;
PETE D. GARRIGUS, in personam, doing business
as Captain Pete's; BLAYNE HASS, in personam,
BLAYNE'S AUTO AIR, INC., in personam,

                Defendants.
_____

## ORDER

This matter comes before the Court on the Plaintiffs, Leslie A. Fattorusso and Gernald N. Harrington's Motion for Entry of a Clerk's Default (Doc. #18) filed on June 17, 2010. Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default."

On June 4, 2010, the Plaintiffs filed a Notice of Return of Service (Doc. # 17) stating that service was effected on May 26, 2010, on the Defendant Pete D. Garrigus d/b/a Captain Pete's. As such, the Defendants Answer was due on June 16, 2010. To date the Defendant has failed to answer and the Plaintiffs now move for entry of a Clerk's Default. The Return of Service states that service was effected upon Laura Garrigas as spouse of the Defendant Pete Garrigas at his known address 5403 SW 3rd Avenue, Naples, FL 33914. The process server added to his Return of Service as follows:

> SUBJECT DOES NOT RESIDE AT THE ABOVE ADDRESS. THE WOMAN RESIDING THERE REFUSED TO STATE HER NAME BUT STATES THAT SHE DOES NOT KNOW SUBJECT. ATTEMPTED SERVICE AT 1716 SE 44TH STREET, CAPE CORAL, FL 33904. THIS IS THE RESIDENCE OF BLAYNE HASS. HE STATES THAT SUBJECT DOES NOT RESIDE THERE. ATTEMPTED SERVICE AT 1517 SE 25TH LANE, CAPE CORAL, FL 33904. THIS IS THE BUSINESS OFFICE OF BLAYNE HASS. SUBJECT IS NO LONGER WORKING AT THIS ADDRESS. LOCATED AND SERVED AT 5403 SW 3RD AVENUE, CAPE CORAL, FL 33914.

According to the Federal Rules, service upon an individual is made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon a defendant in an action brought in the courts of general jurisdiction of the State. Fed. R. Civ. P. 4(e). Under Florida law service upon a individual must be effected "by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading." City of Sweetwater Florida v. St. Germain, 943 So. 2d 259, 262 (Fla. 3d DCA 2006) (citing Fla. Stat. 48.031(1)(a)); Fla. R. Civ. P. 1.070.

Here, the service complies with Florida law. Florida law allows service of an individual "by delivering a copy of [the summons and complaint] to the person to be served ... or by leaving the copies at [a Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1). Baca v. Zee Auto Center, Inc., 2007 WL 2298076 *1 (M.D. Fla. August 7, 2007). The Defendant's wife was served at his usual place of abode. Further as indicated by the process server it appears the Defendant Pete Garrigas is attempting to avoid service. As such, the Court finds that service in this case was in compliance with the laws of the State of Florida and therefore, good cause exists to grant the Motion.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Leslie A. Fattorusso and Gernald N. Harrington's Motion for Entry of a Clerk's Default (Doc. #18) is **GRANTED**. The Clerk of the Court is directed to enter a Clerk's Default against the Defendant Pete Garrigas.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of June, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record