UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLIE A. FATTORUSSO; GERALD N.
HARRINGTON,

            Plaintiffs,

-vs-                                                    Case No.  2:10-cv-201-FtM-36SPC

THE M/V WANDERER II, (official number
1052543), its engines, tackle, apparel, etc. , in rem
and  BLAYNE HASS, in personam,

            Defendants.
_____

## ORDER

This matter comes before the Court on Plaintiffs, Leslie A. Fattorusso and Gerald N. Harrington, Motion for Partial Summary Judgment (Doc. #44) filed on March 7, 2011.  The Plaintiff request this Court to issue a grant of Summary Judgment based on their assertion that the lien held by the lienholders was invalid.  The Defendant asserts that he was a good faith purchaser, and has no stake in the Plaintiff's claim against the lienholders.

## FACTS

On or about September 7, 2009, the Plaintiff's, Leslie A. Fattorusso and Gerald N. Harrington purchased the vessel the M/V Wanderer II.  In June 2009, the M/V Wanderer II was damages when loaded onto a trailer to be transported from New York to Florida.  The vessel sustained damage to the skeg on the starboard engine outdrive and to the stainless steel starboard propeller.  On or about June 15, 2009, the vessel was taken to Blayne's Auto Air, Inc. for a damage survey and an estimate.  Pete Garrigus prepared an estimate for repairs.  After a disagreement about

the price of repairs, Pete Garrigus agreed to complete the repair work for the estimate prepared by the Plaintiff's insurance company for $1,610.62.  After repairs were complete, Pere Garrigus gave the Plaintiff's an invoice in the amount of $5,070.03.  The Plaintiff's denied payment and the vessel was transported to the Defendant, Blayne Hass' home.  On or about July 2, 2009, the vessel was returned to the Plaintiffs.

The Plaintiff's claim the damage to the starboard outdrive was not repaired, and a used drive on the undamaged port side was installed.  The Plaintiff's further allege that they were billed for stainless steel propellers, but discovered that the propellers were actually painted aluminum propellers.  The Defendant asserts that the repairs were done properly, and the Plaintiff's insurance company verified this.  The vessel was taken to a new facility by the Plaintiffs to have the repairs completed.

On or about August 7, 2009, the Plaintiff's received a certified letter titled, "Claim of Lien Notice of Sale of Vessel to Satisfy Possessory Lien."  The letter was dated August 5, 2009.  The letter stated that the vessel would be sold at auction on September 24, 2009 if payment was not received.

On or about September 24, 2009, the vessel was sold to Pete Garrigus.  The vessel's repairs were complete, and the Plaintiffs returned the vessel back to it's normal berth in early October 2009.  On or about October 2, 2009, the State of Florida issues a Florida state title to Captain Pete's Marine Services.  On or about October 7, 2009, Pete Garrigus and Blayne Hass obtained possession of the vessel.[1]  On or about October 9, 2009, Pete Garrigus sold the vessel to Blayne Hass.

---

[1]The Plaintiff alleges that Garrigus and Hass arrived with a Florida Sheriff.  The Plaintiff further allege that they objected
(continued...)

**STANDARD OF REVIEW**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572,

---

[1](...continued)
to the taking and displayed the Certificate of Documentation issued in their name. The Defendant alleges that it was the Cape Coral Police, not the Florida Sheriff, who arrived to claim the vessel. The Defendant further alleges that no objection was made by the Plaintiff's and no Certification of Documentation was presented.

1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-323. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

## DISCUSSION

The Court has jurisdiction over this case pursuant to 28 U.S.C.A. §1333 and Rule D, Supplemental rules for Certain Admiralty and Maritime Claims. This Court has Supplemental Jurisdiction under 28 U.S.C.A. §1267 for additional state law claims.

The Parties consented to the Magistrate Judge's jurisdiction (Doc. # 62) on June 10, 2011. The District Court approved the consent jurisdiction (Doc. # 65) on June 13, 2011. Therefore, pursuant to 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73, the undersigned has jurisdiction to conduct all proceedings including the entry of a final judgment.

The moving party, Leslie A. Fattorusso and Gerald N. Harrington (the Plaintiffs), have the burden of showing an absence of any genuine issue of material fact. Celotex Corp., 477 U.S. at 323. The Plaintiff's Motion for Partial Summary Judgments sets forth three arguments as to why the lienholder's lien was invalid under Florida Statute §328.17.

First, the Plaintiff assets that the term "marina" as used in the statute does not apply to Pete Garrigus, and therefore he has no statutory right to claim a possessory lien, and no right to the statutory non-judicial sale remedy. Second, the Plaintiff asserts that the lien was invalid because the vessel was not in the possession of the marina seeking the lien at the time.[2] Third the Plaintiff

---

[2] The Court notes that the Plaintiff sets forth no authority for their statement that a Marina which does not have possession of
(continued...)

asserts that they did not receive the proper notice from the lienholder and therefore, the lienholder's lien is invalid.

The Plaintiff asserts these arguments to form the opinion that since the lien was not properly obtained, the seller has no interest in the vessel and therefore could not have transferred title to the Defendant. What the Plaintiff does not address is the Defendant's argument that he was a good faith purchaser of the vessel.

Florida Statute 328.17(11) states:

> Unless otherwise provided by law, a purchaser in good faith of a vessel sold to satisfy a lien provided for in this section takes the property free of any claims other than a prior lien perfected under state or federal law.

In the Plaintiffs instant motion, the question of the Defendant's good faith purchase is a genuine issue of material fact which is not addresses by the motion. Therefore, since a genuine issue of material fact remains, this Court cannot issue a grant of summary judgment.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Partial Summary Judgment (Doc. #44) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of July, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[2](...continued)
a vessel at the time of the sale does not comply with the requirements of the non-judicial sale statute.