UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLIE A. FATTORUSSO; GERALD N.
HARRINGTON,

                Plaintiffs,

-vs-                                                Case No. 2:10-cv-201-FtM-99SPC

THE M/V WANDERER II, (official number
1052543), its engines, tackle, apparel, etc. , in rem
and BLAYNE HASS, in personam,

                Defendants.
_____

**ORDER**

      This matter comes before the Court on the Plaintiffs, Leslie A. Fattorusso and Gerald N. Harraington's Motion for Entry of a Default Judgment (Doc. #88) filed on October 28, 2011. No Response has been filed by the Defendant M/V Wanderer II or Blayne Hass, registered owner. Therefore, the Court will address the Motion without the benefit a defense response. On December 28, 2011, the Parties in this case consented to trial by the Magistrate Judge. The Motion is now ripe for the Court's review.

      The Plaintiffs filed a Verified Complaint *in rem* against the M/V Wander II (Vessel) (Doc. # 1) on April 1, 2010. The Vessel was arrested by the U.S. Marshal's Service on August 31, 2011. (Doc. # 80). A copy of the Complaint and warrant for arrest of the Vessel was served by registered return mail on the Vessel's registered owner, Blayne Hass, on August 31, 2011. (Doc. # 83). In compliance with M.D. Fla. Local Admiralty Rule 7.01(g), publication of the Notice that the Vessel had a claim made against it was placed in the Fort Myers News Press (Doc. # 84) and no answer or

claim was ever filed in response. On September 27, 2011, the Plaintiffs moved for the entry of a Clerk's Default which was granted by the Court on September 28, 2011. (Doc. # 86). No response, answer, or claim has been entered on behalf of the *in rem* Defendant M/V Wanderer II. The Plaintiffs now move the Court for entry of default judgment against the Vessel.

Pursuant to Fed. R. Civ. P. 55(b) (2), and M.D. Fla. Local Admiralty Rule 7.02(g), the Plaintiff is entitled to a default judgment if the factual allegations of the complaint provide a sufficient legal basis. Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F. 3d. 1298, 1307 (11th Cir. 2009). After entry of Default, all well pled allegations of the Complaint are admitted as being true. Id.

The well pled allegations of Plaintiff's Verified Complaint, which are accepted as true, support the entry of a declaratory judgment in favor of Plaintiffs and against *the in rem* Defendant, M/V Wanderer II. Proper Notice was served upon the registered owner and the Vessel in accord with the M.D. Fla. Local Admiralty Rules and the Fed. R. Civ. P. and no answer was ever filed on behalf of the Defendant Vessel.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Leslie A. Fattorusso and Gerald N. Harrington's Motion for Entry of a Default Judgment (Doc. #88) is **GRANTED**.

(1) The Clerk of the Court is directed to enter Judgment in favor of the Plaintiffs, Leslie A. Fattorusso and Gerald N. Harrington, and against the *in rem* Defendant M/V Wanderer II.

(2) The Plaintiffs, Leslie A. Fattorusso and Gerald N. Harrington are hereby declared the owners of the M/V Wanderer II (Official No. 1052543), free and clear of any liens or encumbrances.

(3) Any prior Certificates of Title and/or Registration issued by the State of Florida, or any other State, are hereby declared null and void.

**DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of January, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record