UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLIE A. FATTORUSSO; GERALD N. HARRINGTON,

        Plaintiffs,

-vs-                                    Case No.  2:10-cv-201-FtM-99SPC

BLAYNE HASS, in personam,

        Defendant.

_____

**ORDER**

      This matter comes before the Court on Plaintiffs, Leslie Fattorusso and Gerald Harrington's, Motion for Extension of the Dispositive Motion Deadline (Doc. #108) filed on April 6, 2012. As grounds, Plaintiffs argue good cause exists to extend the deadline because, without an extension, Plaintiffs cannot file any dispositive motions based on discovery findings. Specifically, Plaintiffs note that Defendant's failure to respond to Plaintiffs' interrogatories, requests for production, and request for admissions created conflicting deadlines. Due to Defendant's failure to respond, this court entered an order compelling production by April 3, 2012. Shortly thereafter, this court granted Defendant a seven (7) day extension to produce, which expires April 11, 2012. However, the current dispositive motion filing deadline is April 9, 2012. Accordingly, Plaintiffs request the court extend this deadline to April 20, 2012 to alleviate the conflict.

      Under Rule  6(b) the Court may enlarge the time to file a responsive pleading for cause shown. The Rule reads in pertinent part:

> [w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause

shown may at anytime in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Civ. P 6(b). In this instance, the Defendant's deadline to respond to Plaintiffs' interrogatories, request for admissions, and request for production extends beyond the dispositive motion deadline. Without an extension, Plaintiffs cannot receive and review their discovery requests before the deadline expires. Consequently, Plaintiffs are deprived of their ability to file dispositive motions based on discovery because of a scheduling conflict. Plaintiffs filed a timely motion within the deadline for filing a response and in accordance with Local Rule 3.01 (g), attempted to confer with Defendant, but could not reach the Defendant. Therefore, Plaintiffs have demonstrated good cause and the court will extend the deadline to file dispositive motions to April 20, 2012.

Accordingly, it is now **ORDERED**:

Motion for Extension of the Dispositive Motion Deadline (Doc. #108) is **GRANTED**. The Parties will have up to and including **April 20, 2012**, to file their dispositive motions.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of April, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record