# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

**LESLIE A. FATTORUSSO and**
**GERALD N. HARRINGTON,**

      **Plaintiffs,**

**V.**                                **Case No:  2:10-CV-201-FtM-SPC**

**BLAYNE HASS**

      **Defendant.**

_____/

## ORDER

This matter comes before the Court on the Defendant Blayne Hass' Motion for Summary Judgment and Dismissal of Case (Doc. #112) filed on April 20, 2012.  The Plaintiffs, Leslie Fattorusso and Gerald N. Harrington, filed their Motion for Summary Judgment (Doc. # 114) on April 20, 2012.  The Plaintiffs filed a Response in Opposition to the Defendant's Motion for Summary Judgment (Doc. # 116) on May 4, 2012.  The Defendant did not file a response to the Plaintiffs' Motion for Summary Judgment and the time to do so has expired.  The Motions are now fully briefed and ripe for the Court's review.

The Parties consented to the Magistrate Judge's jurisdiction (Doc. # 62) on June 10, 2011. The District Court approved the consent jurisdiction (Doc. # 65) on June 13, 2011. Pursuant to 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73, the undersigned has jurisdiction to conduct all proceedings including the entry of a final judgment

1

## FACTS

This case was originally filed on April 1, 2010, against the Defendants M/V Wanderer II (the Vessel), Pete D. Garrigus, Blayne's Auto Air, Inc., and Blayne Hass ("Hass"). The Plaintiffs rely on the Defendant's failure to answer any admissions pursuant to Fed. R. Civ. P. 36 as grounds for establishing their undisputed facts of the case. Plaintiffs' Requests for Admission are included in the record of this case. See Doc. #111. The Plaintiffs moved the Court to compel the Defendant to answer the request for admissions on March 26, 2012. (Doc. # 104). The Motion to Compel was unopposed by Hass, and was granted by the Court on March 27, 2012. (Doc. # 105). Even though Hass was aware of the request for admissions, and the Court granted the Unopposed Motion to Compel, he still failed to admit or deny the requested admissions. Under Rule 36 when a party fails to respond to a request for admission the admission is deemed admitted for all purposes. Fed. R. Civ. P. 36(a)(3). See also United States v. 2204 Barbara Lane, 960 F.2d 126, 129-30 (11th Cir. 1992) (affirming a summary judgment order based on deemed admissions). Under the Federal Rules of Civil Procedure, the Court accepts the facts as set forth in Plaintiffs' Requests for Admission as conclusively established. Therefore, the following facts are undiputed and/or deemed admitted: Hass was the owner and/or co-owner, and officer of Blayne's Auto Air, Inc. at all times material to the allegations of the Complaint. (Pls' Req. for Admis. ¶¶ 1-3). Hass had an agreement with Pete Garrigus permitting him to perform repairs at Blayne's Auto Air, Inc. (Pls' Req for Admis. ¶ 4). Hass performed repairs on the M/V WANDERER II and assisted Garrigus with the repairs to the M/V WANDERER II at Blayne's Auto Air, Inc. (Pls' Req. for Admis. ¶¶ 6-7). Hass placed the vessel in the water and docked the

2

M/V WANDERER II behind his private residence and took the M/V WANDERER II on a sea trial before he became the title owner of the vessel.  (Pls' Req. for Admis. ¶¶ 8-9).   Hass wrongfully obtained possession and title to the M/V WANDERER II and all personal property aboard the vessel.  (Pls' Req. for Admis. 11).   Hass and/or attorneys acting on his behalf received a demand for return of the M/V WANDERER II and all personal property aboard the vessel. (Pls' Req. for Admis. ¶¶ 12-13; Exh. A, Doc. #114-1).   Despite that demand, Hass refused to return the M/V WANDERER II and the personal property aboard the vessel to Leslie Fattorusso and Gerald Harrington.  (Pls' Req. for Admis. ¶ 14).   Leslie Fattorusso and Gerald Harrington purchased the M/V WANDERER II from Mary Ann Gagliardo and Josephine Marmo on September 7, 2006, and were issued a Certificate of Documentation from the United States Coast Guard for the years 2009, 2010, and 2011, which Certificate expires on June 30, 2012.  (Exh. B, Doc. #114-2).  The Plaintiffs are seeking relief to retain ownership of the Defendant vessel, for declaratory relief, and for damages.

## STANDARD OF REVIEW

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986)).  A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of

material fact will preclude a grant of summary judgment. <u>Scott v. MD Helicopters, Inc.</u>, 2011 WL 2693669 * 1-2 (M.D. Fla. July 12, 2011). An issue is material if it may affect the outcome of the suit under governing law. <u>Anderson,</u> 477 U.S. at 248.

The moving party bears the burden of showing the absence of any genuine issue of material fact "by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." <u>Scott</u>, 2011 WL 2693669 at * 2 (citing <u>Hickson Corp. v. N. Crossarm Co., Inc.</u>, 357 F. 3d 1256, 1260 (11th Cir. 2004)); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. <u>Whatley v. CNA Ins. Co.</u>, 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, S. Ct. 1348, 89, L. Ed. 2d 538 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." <u>Demyan v. Sun Life Assurance Co. of Canada</u>, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. <u>Celotex</u>, 477 U.S. at 322-323. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. <u>Miranda v. B & B Cash Grocery Store, Inc</u>., 975 F.2d 1518, 1532 (11th Cir. 1992).

**DISCUSSION**

Both Parties filed their respective Motions for Summary Judgment with the Court on April 20, 2012. The Court will review each Motion in order.

*(1) Blayne Hass' Motion for Summary Judgment*

The Defendant Blayne Hass argues in his Motion for Summary Judgment and to Dismiss that the Vessel should be returned to him because the Vessel had a lien against it and it was never registered in the Plaintiffs' names but in the names of Mary A. Gagliardo or Josephine Marmo. Hass continues that Gagliardo and Marmo have filed an insurance claim with Progressive Insurance for the loss of the Vessel as well as a report with the Cape Coral, Florida Police Department (CCPD) regarding the Vessel.

The Defendant does not support his claims that the Plaintiffs never had title. Instead, Defendant attaches a "Notice of Sale of Vessel to Satisfy Possessory Lien," which lists Gagliardo and Marmo as the registered owners. (Doc. #112-1). This document does not refute the admission made by Defendant that he wrongfully obtained possession and title to the M/V WANDERER II and all personal property aboard the vessel. Furthermore, there is no support for Hass' allegations that Gagliardo and Marmo recently filed a police report and insurance claims for the loss of the vessel. These mere assertions are unsupported and inadmissible hearsay statements. These mere assertions also fail to contradict Hass' admissions. As such, the Court cannot accept Hass' allegations as creating a genuine issue of material fact and the Defendant's Motion for Summary Judgment is due to be denied.

5

### (2) *Fattorusso and Harrington's Motion for Summary Judgment*

The Plaintiffs argue that the Defendant Blayne Hass is liable for conversion of the Vessel and all personal property aboard said Vessel and that summary judgment should be given in their favor.  Even though Defendant Hass did not respond to Plaintiffs' Motion, the Court construes his Motion for Summary Judgment as a response and will consider the document attached to Defendant's Motion.  (Doc. #112).

Under Florida law, the elements of conversion are "(a) an act of dominion wrongfully asserted; (b) over another's property; and (c) inconsistent with his ownership therein." Joe Hand Promotions, Inc. v. Hart, 2012 WL 1289731 * 2 (S.D. Fla. Apr. 16, 2012) (citing Special Purpose v. Prime One, 125 F. Supp. 2d 1093, 1099-100 (S.D. Fla. 2000) (citing Warshall v. Price, 629 So.2d 903, 904 (Fla. 4th DCA 1993)). A plaintiff must allege he has the right of possession in the property allegedly converted.  Sirpal v. Univ. of Miami, 684 F. Supp. 2d 1349, 1363 (S.D. Fla. 2010) (citing Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 136 F. Supp. 2d 1271, 1294 (S.D. Fla. 2001)). Conversion has been defined by Florida courts as "the wrongful deprivation of a person of property to the possession of which he is entitled."  Envases Venzolanos, S.A. v. Collazo, 559 So.2d 651, 652-53 (Fla. 3d DCA 1985).  Thus, before a defendant may be held guilty of conversion, the plaintiff must show the defendant "exercised a positive, overt act or acts of dominion or authority over . . . the property inconsistent with and adverse to the rights of the true owner." Sirpal, 684 F. Supp. 2d at 1363.

The undisputed facts as stated in Plaintiffs' Requests for Admission establish that the Vessel was delivered to Garrigus at Blayne's Auto Air.  Hass had an agreement with Pete

Garrigus permitting him to perform repairs at Blayne's Auto Air, Inc.  Hass performed repairs on the M/V WANDERER II and assisted Garrigus with the repairs to the M/V WANDERER II at Blayne's Auto Air, Inc.  Hass placed the vessel in the water and docked the M/V WANDERER II behind his private residence and took the M/V WANDERER II on a sea trial before he became the title owner of the vessel.  Hass wrongfully obtained possession and title to the M/V WANDERER II and all personal property aboard the vessel.  Hass and/or attorneys acting on his behalf received a demand for return of the M/V WANDERER II and all personal property aboard the vessel.  (Exh. A, Doc. #114-1).  Despite that demand, Hass refused to return the M/V WANDERER II and the personal property aboard the vessel to Leslie Fattorusso and Gerald Harrington.

As admitted by Defendant, and established as the undisputed facts in this case, Hass wrongfully obtained possession and title to the M/V WANDERER II and all personal property aboard the vessel.  Hass has offered a document in response titled "Notice of Sale of Vessel to Satisfy the Possessory Lien" (Doc. #112-1), which lists Gagliardo and Marmo as the "Registered Owners." This document was purportedly prepared by Rainbow Title & Lien, Inc. and was obtained by Captain Pete's Marine Service as lienor after the Plaintiffs refused to pay for the repairs.  It demands payment within 30 days or the vessel would be sold at a public sale.  But this document does not refute the fact that Defendant wrongfully obtained possession of the boat as admitted.  See Pls' Req. for Admis. ¶ 11.  Defendant has not met his burden to come forward with specific facts showing that there is a genuine issue for trial that precludes summary judgment.  Plaintiffs have provided the Court with a copy of the transfer of title showing that

they had purchased the Vessel from Gagliardo and Marmo. (Doc. #114-2; Doc. #116-1, p.2). The transfer of the interest in the Vessel was completed on September 7, 2006. (Doc. #114-2). The Plaintiffs provided further documentation from the Coast Guard where the Vessel was registered in the names of Leslie Fattorusso and Gerald Harrington for the years 2009, 2010 and 2011 (expires June 30, 2012). (Doc. #114-2, p.3-5). As such, Plaintiffs have come forward with evidence showing that they were the owners of the vessel.  Further, Defendant has admitted in the Requests for Admission which he failed to answer that he wrongfully obtained possession and title to the boat and has come forward with no evidence to refute these undisputed facts. Hass was been given ample opportunity by this Court to answer the Requests for Admission and has failed to do so.  Thus, the undisputed facts of the instant case establish that Hass' possession of the Vessel was inconsistent with the Plaintiffs' ownership.

## **CONCLUSION**

All of the elements of a conversion have been met by the undisputed facts set forth by the Plaintiffs.  The Court does not find any genuine issue of material fact that would contradict the conclusion that Blayne Hass is liable for conversion of the Vessel and all personal property aboard. Thus, the Plaintiffs' Motion for Summary Judgment is due to be granted.

The Plaintiffs also move the Court to consider damages separately should summary judgment be found in their favor.  The Court having found in the Plaintiffs favor will reserve jurisdiction over any damage claims presented by the Plaintiffs and will enter final judgment after damages have been considered.

Accordingly, it is now

8

**ORDERED:**

(1) The Defendant Blayne Hass' Motion for Summary Judgment and Dismissal of the Case (Doc. #112) is **DENIED**.

(2) The Plaintiffs, Leslie Fattorusso and Gerald N. Harrington's Motion for Summary Judgment (Doc. # 114) is **GRANTED**.

(3) The Clerk of the Court is directed to enter judgment consistent with this Order against the Defendant Blayne Hass in favor of the Plaintiffs.

(4) The Court will reserve jurisdiction over damage claims.  The Plaintiffs have up to and including **June 11, 2012**, to provide the Court with any damage calculations.  Failure to submit the damages within the Court's deadline will result in the Court closing the case and entering final judgment without further consideration of the alleged damages.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st Day of May, 2012.

*Sheri Polster Chappell*

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

9