UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLIE A. FATTORUSSO and
GERALD N. HARRINGTON,
                Plaintiffs,

-vs-                                                          Case No.  2:10-CV-201-FTM-36SPC

THE M/V WANDERER II, (official number 1052543),
its engines, tackle, apparel, etc.,
PETE D. GARRIGUS, doing business as Captain Pete's,
BLAYNE HASS, BLAYNE'S AUTO AIR, INC.,

                Defendants.
_____/

## ORDER

This matter comes before the Court on the Plaintiffs, Leslie Fattorusso ("Fattorusso") and Gerald N. Harrington's, Motion for Entry of an Award of Damages (Doc. # 120) filed on June 11, 2012. The Defendant, Blayne Hass ("Hass"), has failed to respond to Plaintiffs' Motion for Damages and the time to do so has passed. Accordingly, this matter is now ripe for review.

## BACKGROUND

On June 15, 2009, Plaintiff brought their boat to Hass for repair work at Blayne's Auto Air, Inc. (Pls' Re. for Admis. ¶¶ 6–7). Hass placed the vessel in the water and docked the boat behind his private residence. (Pls' Re. for Admis. ¶¶ 8–9). Hass then took the boat out on a sea trial. (Pls' Re. for Admis. ¶¶ 8–9). On October 16, 2009, Hass and his attorneys received a demand for the return of the boat and all personal property on board the vessel. (Pls' Re. for Admis. ¶¶ 12–13; Exhibit A, Doc. # 114-1). Despite that demand, Hass refused to return the boat and all personal property on board to Plaintiffs.

On May 21, 2012, the Court entered judgment in favor of Plaintiffs and granted their Motion for Summary Judgment. (Doc. # 119). In doing so, the Court reserved the issue of damages. (Doc. # 117). In its order granting Plaintiffs' Motion, the Court found Hass liable for conversion of Plaintiffs' boat and all personal property on board. (Doc. # 117). Plaintiffs now seek damages and pre-judgment interest from the date of conversion-October 16, 2009.

## DISCUSSION

The proper measure of damages for conversion is the fair or reasonable market value at the time and place of the conversion, plus prejudgment interest. Christopher Advertising Group, Inc. v. R & B Holding Co., Inc., 883 So. 2d 867, 871 (Fla. 3d DCA 2004); see also Gillette v. Stapleton, 336 So. 2d 1226, 1227 (Fla. 2d DCA 1992); Exxon Corp. v. Ward, 438 So. 2d 1059, 1060 (Fla. 4th DCA 1983). For most goods, an item's fair value is its market value. Intelsat Corp. v. Multivision TV LLC., 2010 WL 5437261, *6 (S.D. Fla. Dec. 27, 2010). However, the meaning of fair market value varies with the context in which the standard is applied. R & B Holding Co., v. Christopher Advertising Group, Inc., 994 So. 2d 329, 331–32 (Fla. 3d DCA 2008).

In many cases, the property's value is the exchange value. Christopher, 883 So. 2d at 871. Exchange value is "the amount of money for which the subject matter could be exchanged or procured if there is a market continually resorted to by traders…." Id. However, for ordinary goods, damages are measured at the time of conversion, not at the original or replacement cost. Id. (quoting Lilly v. Bronson, 177 So. 218, 219 (1937)). Consequently, "[t]he damages rule must be flexibly applied so as to provide fair compensation under the circumstances of the specific case. Zaki Kulaibee Establishment v. McFlicker, 788 F. Supp. 2d 1263, 1380 (S.D. Fla. Apr. 25, 2011) (citing Christopher, 883 So. 2d at 871).

In establishing damages, proof may be indirect and based upon assumptions and estimates, provided the assumptions rest on adequate data. Foster-Thompson, LLC v. Thompson, 2007 WL 1725198, *2 (M.D. Fla. June 14, 2007) (following Florida law). A plaintiff's damages can also include:

1. The additional value of a chattel due to additions or improvements made by a converter not in good faith;
2. the amount of any further pecuniary loss of which the depravation has been a legal cause;
3. Interest from the time at which the value is fixed; and
4. Compensation for the loss of use not otherwise compensated.

R & B Holding Co., 994 So. 2d at 332 (quoting RESTATEMENT SECOND OF TORTS § 927 (1979)).

The Plaintiffs purchased the boat in September 2006 for $25,000. (Exhibit A, Doc. # 120-1). The Defendant converted the boat on October 16, 2009. The Court finds that at the time of conversion, the fair market value was $28,000. In arriving at this figure, the Court considered Plaintiffs' purchase price and the boat's current market value of $ 28,000.[1] (Exhibit B-1, Doc. # 120). Because the Defendant damaged the vessel and left it untended and exposed the vessel's engines to the elements and returned the vessel to the Plaintiffs in a total state of disrepair so much so that the vessel is no longer suitable for use as a pleasure craft, the Court finds and the vessel's current market value of $ 28,000 is the appropriate amount of damages to the vessel. Foster-Thompson, LLC, 2007 WL 1725198 *2 (holding that establishing damages, proof may be indirect and based upon assumptions and estimates, provided the assumptions rest on adequate data).

Plaintiffs also contend that at the time of conversion, the following items were on board the boat, which Defendant did not return:

---

[1] To support this contention, Fattorusso proffers the appraisal results of Captain Ronald Emerson ("Emerson"). (Doc. # 120, p. 2). Emerson appraised the current market value of the boat at *$28,000*. (Exhibit B-1, Doc. # 120).

| | |
|---|---:|
| Marine GPS | $1050 |
| Gas | 350 |
| Portable Spot Light | 80 |
| Wet Vac | 47 |
| Three Life Jackets | 125 |
| Bed Spread and Quilt | 150 |
| Towels | 30 |
| Cleaning Products | 40 |
| Blender | 20 |
| Mickey Mouse Blanket | 150 |
| Two Batteries | 236 |
| Hoses | 20 |
| Total | $2,298 |

(Exhibit A, Doc. # 120-1). When Defendant converted these items the total fair market value of these items were $2,298.00. Plaintiffs sustained additional pecuniary losses in the amount of $2,024.00 for non-refundable payments made for: 1) one year of Sea Tow at $300 and 2) six month dock fees $1724. (Exhibit A, Doc. # 120-1). A wronged individual is entitled to receive the amount of any further pecuniary loss of which the depravation has been a legal cause. R & B Holding Co., 994 So. 2d at 332. Therefore, the Court awards Plaintiffs $4,322 for further pecuniary losses sustained in the conversion.

Finally, Plaintiffs requests the Court award, in addition to damages, pre-judgment interest in the amount of $5,256.98. (Doc. # 120, p. 2). A wronged party is entitled to pre-judgment legal interest. See Florida Farm Bureau Cas. Ins. Co. v. Patterson, 611 So. 2d 558, 560 (Fla. 1st DCA 1992) (finding "it is apparent that the correct measure of compensatory damages for the conversion is the fair market value…at the time of conversion, plus prejudgment interest"). Computation of pre-judgment interest is calculated and fixed at the time of the illegal act to the date of the judgment. Moody v. Caulk, 14 Fla. 50, 52 (1872); Gillette, 336 So. 2d at 1227. Florida Statute §687.01 is applicable in conversion cases and states "in all cases where interest shall accrue without a special contract for the rate thereof, the rate is the rate provided in

§55.03." <u>WPB, Ltd. V. Supran</u>, 720 So. 2d 1091, 1093 (Fla. 4th DCA 1998). Thus, the Plaintiffs shall receive pre-judgment interest from the date of conversion, October 16, 2009, until the judgment, May 21, 2012. Consequently, Plaintiffs' shall receive the requested pre-judgment interest in the amount of $5,256.98. Therefore, Plaintiffs shall receive damages totaling $37,578.98. This amount encompasses the fair market value of the boat at the time of conversion, pre-judgment interest, and other pecuniary losses.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Leslie Fattorusso and Gerald Harrington's, Motion for Entry of an Award of Damages (Doc. # 120) is **GRANTED**.

1. The Defendant Blayne Hass shall pay Plaintiffs **$37,578.98** for damages and pre-judgment interest.

2. The Clerk of the Court is directed to enter an Amended Final Judgment to reflect the amount of damages awarded to the Plaintiff.

3. The Clerk of Court shall mail a copy of this Order and all subsequent entries docketed in matter to Blayne Hass at his home address: 4261 Orange Grove Blvd., North Fort Myers, FL 33903.

**DONE AND ORDERED** at Fort Myers, Florida, this   31st   day of July, 2012.

*SHERI POLSTER CHAPPELL*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record