**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**LESLIE A. FATTORUSSO and
GERALD N. HARRINGTON,**

        **Plaintiffs,**

**v.**                                                          **Case No:  2:10-cv-201-FtM-SPC**

**BLAYNE HASS,**

        **Defendant.**

_____/

## ORDER

    This matter comes before the Court on Plaintiffs' Motion for Attorney's Fees and Costs (Doc. #124) filed on August 15, 2012. Defendant, Blayne Hass ("Hass") has failed to respond to Plaintiffs' Motion for Attorney's Fees and Costs.  The Parties consented to the Magistrate Judge's jurisdiction (Doc. # 62) on June 10, 2011. The District Court approved the consent to jurisdiction (Doc. # 65) on June 13, 2011. Pursuant to 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73, the undersigned has jurisdiction to conduct all proceedings in this matter. Accordingly, this Motion is now ripe for review.

## BACKGROUND

    Plaintiffs originally filed this case against Defendants M/V Wanderer II ("Vessel"), Pete D. Garrigus, Blayne's Auto Air, Inc., and Hass on April 1, 2010. Plaintiffs moved for summary judgment twice. (Doc. # 44, 114). The Court denied Plaintiffs' first Motion for Summary Judgment (Doc. # 44) on July 12, 2011, on the grounds that a material issue of genuine fact existed as to whether Hass was a good faith purchaser of the Vessel. (Doc. # 76).

Sometime after the Court denied their Motion for Summary Judgment, Plaintiffs sent Hass multiple Requests for Admissions. See (Doc. # 111). Plaintiffs moved the Court to compel Hass to answer the Requests for Admissions on March 26, 2012. (Doc. # 104). Hass failed to oppose the Motion to Compel and the Court granted the Motion on March 27, 2012. (Doc. # 105). Despite being aware of the Requests for Admissions, Hass failed to admit or deny the requested admissions. Accordingly, the Court, pursuant to Federal Rule of Civil Procedure Rule 36, deemed the admissions contained in the Requests for Admissions admitted.

With these new admissions by Hass the Plaintiffs moved for Summary Judgment (Doc. # 114) again on April 20, 2012, which the Court granted. Fattorusso v. M/V/ Wanderer II, 2011 WL 2910175, *2 (M.D. Fla. July 19, 2011). The Court's Order noted how Hass failed to reply to Plaintiffs' Requests for Admissions. Having prevailed on their Motion for Summary Judgment Plaintiffs request this Court award them attorney's fees and costs pursuant to the Rules 54(d)(1) and (2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.

## ANALYSIS

Plaintiffs seek costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which reads in pertinent part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Recovery, under Rule 54(d) is limited to the specific costs enumerated under 28 U.S.C. § 1920. Plaintiffs, in addition to their request for costs pursuant to Rule 54(d)(1), assert they are entitled to attorney's fees pursuant to Rule 54(d)(2), which states "[a] claim for attorney's fees and related nontaxable expenses must be made by motion…."

Under federal maritime law, a prevailing party is generally not entitled to attorney's fees in an admiralty case unless fees are statutorily or contractually authorized. Reliable Salvage and

Towing Inc. v. Bivona, 2011 WL 2418891, *1 (M.D. Fla. June 13, 2011) (citing Stires v. Carnival Corp., 243 F. Supp. 2d 1313, 1323 (M.D. Fla. Nov. 7, 2002) (citing Coastal Fuels Marketing, Inc. v. Florida Exp. Shipping Co., Inc., 207 F.3d 1247, 1250 (11th Cir. 2000) (citing Galveston County Navigation District No. 1 v. Hopson Towing Co., Inc., 92 F.3d 353, 356 (5th Cir. 1996)); Noritake Co., Inc. v. M/V Hellenic Champion, 627 F.2d 724 (5th Cir. 1980) (absent specific federal statutory authorization for an award of attorney's fees, the prevailing party is generally not entitled to those fees).

However, a court may award attorney's fees in an admiralty dispute when: (1) the non-prevailing party acted in bad faith in the course of litigation, (2) they are provided by the statute governing the claim, and (3) there is a contract providing for attorney's fees. Misener Marine Construction Inc. v. Norfolk Dredging Co., 594 F.3d 832, 838 (11th Cir. 2010) (citing Natco Ltd. Partnership v. Moran Towing of Florida, 267 F.3d 1190, 1193 (11th Cir. 2001)). The party seeking attorney's fees under the bad faith exception must meet a high burden to recover attorney's fees. Blue Water Marine Services, Inc. v. M/Y Natalia III, 2009 WL 497646, *2 (S.D. Fla. Feb. 26, 2009) (citing Cantieri Navali Riuniti v. M/V Skyptron, 802 F.2d 160 (5th Cir. 1986)). Granting attorney's fees pursuant to the bad faith exception is unquestionably an assertion of the court's inherent power to allow attorney's fees in particular situations, unless forbidden by Congress. Nritake Co., Inc. v. M/V Hellenic Champion, 627 F.2d 724, 730 n.5 (5th Cir. 1980) (citing Compania Galeana, S.A. v. M/V Caribbean Mara, 565 F.2d 358 (5th Cir. 1978)). "Bad faith exists when the court finds that fraud has been practiced upon it, or 'that the very temple of justice has been defiled,' or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts litigation, or hampers the enforcement of a court

order." Blue Water Marine Services, Inc., 2009 WL 497646 at *2 (quoting Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (quoting Chambers v. NASCO, 501 U.S. 32, 45 (1991)).

Plaintiffs request that the Court award them attorney's fees and costs because of Hass's bad faith conduct in litigation. In support of this argument, Plaintiffs cite to Reliable Salvage & Towing, Inc. v. Bivona. 2011 WL 2418891 (M.D. Fla. June 13, 2011). In Bivona the defendant "deliberately, willfully, and persistently refused to pay the plaintiff…." Id. at *2. During trial the defendant openly acknowledged that the "[plaintiff] had performed a service and…should be entitled to payment." Reliable Salvage & Towing, Inc. v. Bivona, 2012 WL 1867166, *2 (11th Cir. 2012) (internal quotation marks omitted). At no point did the defendant, having acknowledged the plaintiff's right to payment, contest or argue the fee was excessive. Id. Rather, he simply refused to pay in an effort to drag out the litigation and raise the plaintiff's fees. After hearing the defendant's testimony, the Reliable Salvage Court found that the defendant acted in bad faith in the course of litigation. Accordingly, the Court in Reliable Salvage awarded the plaintiff its attorney's fees. See Bivona, 2011 WL 2418891.

Here, however, Plaintiffs have not made the requisite showing of bad faith to entitle them to recover their attorney's fees. Throughout this litigation the Court had construed Hass's argument to mean that he was a good faith purchaser of the vessel. Fattorusso, 2011 WL 2910175 at *2. In his response to Plaintiffs' first Motion for Summary Judgment, Hass, although never explicitly arguing he was a good faith purchaser, did assert "[t]his case is merely two people…who did not pay their debt…[and] I…merely [bought] a boat." (Doc. #54, p.2). Hass went on to assert that he was "the legal title holder." (Doc. #54, p.2). The Court, taking into consideration Hass's *pro se* status, construed Hass's statements to mean that he considered himself a good faith purchaser of the Vessel. See Erisckson v. Pardus, 551 U.S. 89, 94 (2007)

(finding that "[a] document filed *pro se* is to be liberally construed[.]") (internal quotation marks omitted). Based on the Court's understanding of Hass's argument, Hass never conceded that Plaintiffs were entitled to the Vessel. This distinguishes the current case from <u>Bivona</u> where the defendant openly acknowledged the plaintiff was entitled to payment. See <u>Bivona</u>, 2012 WL 1867166 at *2.

However, after Hass failed to respond to Plaintiffs' Requests for Admissions he could no longer argue that he was a good faith purchaser of the Vessel.  Nevertheless, Hass's conduct after the admissions does not rise to the level necessary to constitute bad faith conduct. The Court awarded sanctions in <u>Reliable Salvage</u> because the defendant admitted he owed the plaintiff money and yet forced the case to trial. <u>Id</u>. Hass, unlike the defendant in <u>Reliable Salvage</u>, did not continue to assert an argument against Plaintiffs claims. <u>Id</u>. Hass did not force litigation to continue on knowing he would ultimately fail as in <u>Reliable Salvage</u>. <u>Id</u>. Instead, Hass took no action at all.  Therefore, once Hass was deemed to have admitted to wrongful possession of Plaintiffs' vessel by the Court, he did not raise an argument, which was knowingly frivolous. Accordingly, Hass's actions did not constitute bad faith and Plaintiffs are not entitled to attorney's fees.

The Plaintiffs also move the Court to grant them costs as the prevailing party.  The Plaintiffs submitted a detailed Bill of Costs to support their claim for costs under § 1920. (Doc. # 123).  Regarding the payment of costs, 28 U.S.C. § 1920 reads in pertinent part:

> [a] judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

> (5) Docket fees under section 1923 of this title;
> (6)Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment decree.

The Plaintiffs ask for $350.00 in fees to the Clerk of the Court for filing the case with the Middle District of Florida.  Court filing fees are reimbursable under § 1920 so that cost is due to be granted.   The Plaintiffs also ask for $531.48 in fees for service of summons and subpoena in connection with the underlying action. Included in this amount are fees incurred for the use of a private process server. (Doc. #123). Plaintiffs used a private process server three times. (doc. #123). Plaintiffs' itemization of the amount spent on these occasions is as follows:

| | | |
|---|---|---|
| Mercury Serve | Service of Summons on Blayne's Auto Air, Inc. | $50.00 |
| Mercury Serve | Service of Summons on Blayne Hass | $50.00 |
| Mercury Serve | Service of Summons on Pete Garrigus d/b/a Captain Pete's | $200.00 |
| Total | | $250.00 |

The fee for service by the U.S. Marshal's was $231.48. Pursuant to §1920(1) fees for service incurred from the use of private process servers are recoverable provided the cost does not exceed the fees authorized by §1921.  See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623-624 (11th Cir. 2000). Plaintiffs' costs from the use of private process servers did not exceed fees authorized in §1921. Therefore, Plaintiffs' cost is due to be granted.

Next, Plaintiffs ask for $140.00 in fees for a printed copy of the transcript from Hass's deposition. Fees for printed or electronically recorded depositions obtained for use in the underlying case are reimbursable under §1920(2) and the cost is granted. Plaintiffs also ask for $27.10 in fees for photocopying invoices. Printing fees are recoverable under §1920(3). Accordingly, the fee is due to be granted.

Finally, Plaintiffs ask for $55.75 in miscellaneous fees. The itemization of this cost is as follows:

| UPS | Delivery to U.S. Courthouse | $12.75 |
|---|---|---|
| Florida Department of Motor Vehicles | Certified title history for vessel | $18.00 |
| Eric Thiel | Abstract of Title ordered from National Vessel Documentation Center | $25.00 |
| Total | | $55.75 |

The fee associated with the UPS delivery does not fall within the costs the Court may tax pursuant to §1920. Accordingly, this cost is denied.

That leaves the Court to determine whether it should grant Plaintiffs' request for fees incurred in connection with the certified history for the Vessel and the abstract of title. Hass, in his Motion for Summary Judgment (Doc. #112), stated "[t]he Plaintiffs never held a legal title to the vessel." In order to rebut this argument, Plaintiffs had to obtain this documentation to prove that they were indeed the rightful owners of the Vessel. Therefore, because these costs are connected with documents, which were necessarily obtained by Plaintiffs for use in litigation, the cost is due to be granted. Consequently, the Court grants Plaintiffs' request for costs in the amount of $1091.58.

Accordingly, it is now

**ORDERED:**

The Plaintiffs' Motion for Attorney's Fees and Costs (Doc. #124) is **GRANTED IN PART AND DENIED IN PART**.

1. Plaintiffs' Motion for Attorney's Fee is **DENIED.**

2. Plaintiff's Motion for Costs pursuant to §1920 is **GRANTED**. Plaintiffs are entitled to **$1091.58** in costs.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of September, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record